IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILLIAM BLAKE, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. L-07-50 |
| BALTIMORE COUNTY, MARYLAND, *et al.*, | * | |
| Defendants. | * | |

**************

**<u>MEMORANDUM</u>**

During the direct examination of Colonel Ward, Mr. Mayhew objected to Ms. Cahill's use of leading questions. Because Colonel Ward is an employee of Defendant Baltimore County, she may be treated as an adverse witness and led.

The question next arises whether Baltimore County should also be permitted to ask leading questions. In this regard, the Court recalls a proffer, either from Ms. Cahill or Baltimore County, to the effect that Colonel Ward was supporting Mr. Wickless in his retaliation claim against Baltimore County. My recollection on this point, however, is inexact. Moreover, Colonel Ward's testimony has impressed me as being honest, neutral, and entirely forthright. Because of her forthrightness, Colonel Ward's testimony cannot be characterized as adverse to the Plaintiff in a practical sense. Accordingly, it is unwarranted to allow Ms. Cahill to cross-examine Colonel Ward but confine Baltimore County to open-ended questions. I will solve this problem by permitting both sides to lead. Moreover, the use of leading questions will speed up this case, which is somewhat behind schedule. The other alternative would be to require both sides to ask only non-leading questions. I am reluctant to do that given detective Ward's

1

employment with Baltimore County and the clear position in the rules that Ms. Cahill should be permitted to lead.

Dated this 22nd day of April, 2010.

                                                              _____/s/_____
                                                              Benson Everett Legg
                                                               United States District Judge