IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| WILLIAM BLAKE, | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| v. | * | Civ. No. L-07-50 |
|  | * |  |
| BALTIMORE COUNTY, MARYLAND, | * |  |
| *et al.*, | * |  |
| Defendants. | * |  |
|  | * |  |

*************

## JURY INSTRUCTIONS

## Jury Instructions—Preliminary Statements

This case involves a written statute, the Americans with Disabilities Act. The specific provision of the ADA at issue here states when an employer may require an employee to take a medical examination, or make a medical inquiry.

It will be your job, as members of the jury, to apply this provision to the specific facts of this case.

I will read the provision to you:  A covered entity [Baltimore County] shall not make a medical inquiry or require a medical examination of an employee, <u>unless such examination or inquiry is shown to be job related and consistent with business necessity.</u>

Statutes, because they must apply to a variety of situations, must be generally worded.  Here we see two crucial general phrases, "job related" and "business necessity."  These general phrases must be applied to specific work places and employees.

2

Here, you, as members of the jury, are required to apply this general provision to Baltimore County's order to Detective Blake that he undergo a fitness for duty evaluation in 2006.

In applying the provision, you must first decide what the facts and circumstances were in 2006 when the fitness for duty evaluation was ordered.

Then you must apply the law to these facts and circumstances and reach a verdict.

Applying the law to the facts requires you to interpret the law and to determine in the context of this case whether the examination Detective Blake was ordered to take was job related and consistent with business necessity.

These jury instructions will assist you in carrying out that mission.

## COURT'S INSTRUCTION NO. 1

(Introduction)

Members of the Jury:

Now that you have heard all the evidence, it is my duty to instruct you on the law applicable to this case.

You are not to be concerned with the wisdom of any rule of law. It is your duty to follow the law as I state it, and to apply the law to the facts as you find them from the evidence.

It is your duty to base your verdict on the legal principles that I give to you, even if you believe that my instruction is wrong or that the legal principle is unwise. It would be a violation of your sworn duty for you to base a verdict upon any view of the law that differs from the instructions of the Court.

## COURT'S INSTRUCTION NO. 2

(Instructions as a Whole)

In my instructions, I may state some rules or ideas in varying ways. I do this to make the rule or idea clear and not to emphasize it over the other instructions. You are not to single out any certain sentence or individual point or instruction and ignore the others. Rather, you are to consider all of my instructions as a whole, and you are to regard each instruction in light of all others.

## COURT'S INSTRUCTION NO. 3

### (Duty to Follow Instructions)

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  The law is no more respectful of one person than another, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

COURT'S INSTRUCTION NO. 4

(Jury Determines Facts)

You, and only you, are the judges of the facts. If any expression of mine, or anything I may or may not have done or said, would seem to indicate my opinion as to the facts, I instruct you to disregard it.

In my instruction, I may refer to some of the evidence, testimony or exhibits in the case. In their closing arguments, counsel will refer to some of the evidence, testimony or exhibits. In reaching your verdict, you are not limited to the evidence referred to by counsel or by me. You may consider any evidence that you believe to be influential.

## COURT'S INSTRUCTION NO. 5

### ("If You Find" or "If You Decide")

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

## COURT'S INSTRUCTION NO. 6

### (Consideration of the Evidence)

It is your duty to determine the facts.  In doing so, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and any stipulations reached between the parties.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not controlling.

While you must base your verdict solely on the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## COURT'S INSTRUCTION NO. 7

### (Effect of Verdict on Defendants)

A jury must view the case objectively and dispassionately. The jury must never be swayed by sympathy, favoritism, or bias. To use a well-worn baseball analogy, the jury, like an ideal baseball umpire, must call the plays objectively (call them as you see them) and not be biased by any rooting interest for or against a team or player.

For this reason, the jury must not consider the potential effect, if any, of the verdict on either the plaintiffs or the defendants. The jury must not speculate on the plaintiffs' financial condition or need for money. Similarly, the jury must not speculate as to the ability or inability of the defendants to pay the amount of any possible verdict against them. The jury must not speculate on whether any verdict might be covered by insurance.

In other words, the jury must neutrally and objectively weigh the evidence and reach a verdict based solely on the evidence in the case.

## COURT'S INSTRUCTION NO. 8

### (Direct and Circumstantial Evidence)

As I mentioned to you at the beginning of the trial, there are, generally speaking, two types of evidence from which a jury may properly find the truth. One is direct evidence – such as the testimony of an eyewitness. The other is circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## COURT'S INSTRUCTION NO. 9

### (Burden of Proof)

In a civil action such as this, the party making a claim has the burden of proving every essential element of its claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so, than not so.

In determining any fact in issue, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If a preponderance of the evidence does not support each essential element of a claim, then you should find against the party having the burden of proof as to that claim.

## COURT'S INSTRUCTION NO. 10

(Burden of Proof – Not Beyond a Reasonable Doubt)

You may have heard of the term "proof beyond a reasonable doubt."

That is a stricter standard, which applies in criminal cases. It does not apply in civil cases, such as this case.

In this case, the Plaintiffs are not required to prove their case beyond a reasonable doubt, but rather only by a preponderance of the evidence.

COURT'S INSTRUCTION NO. 11

(Stipulation of Facts)

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

COURT'S INSTRUCTION NO. 12

(Credibility of Witnesses)

Now, I have said that you should weigh and consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his or her relationship to the plaintiffs or to the defendants; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. In short, you may accept or reject the testimony of any witness in whole or in part.

It is legitimate for an attorney to seek to discredit or impeach a witness by, among other things, demonstrating that all or part of the witness's testimony is materially false. Likewise, an attorney may seek to impeach a witness by demonstrating that the witness made a prior inconsistent statement. This is done by showing that before trial the witness made a statement that is inconsistent with or contradicts the witness's trial testimony.

15

If you find that a witness has been impeached you must decide what impact, if any, the impeachment has on the believability of the witness's testimony. The believability of witnesses is for you and you alone to decide.

COURT'S INSTRUCTION NO. 13

(Expert Opinion Testimony Consideration)

You have heard the testimony of expert witnesses. A witness who has special training or experience in a given field is permitted to express opinions based on observed or assumed facts to aid you in deciding the issues in the case. In weighing the opinions of an expert, you should consider the expert's experience, training, and skills, and the expert's knowledge of the subject matter about which he or she is expressing an opinion.

You should give expert testimony the weight and value you believe it should have. You are not required to accept any expert's opinion. You should consider an expert's opinion together with all the other evidence.

## COURT'S INSTRUCTION NO. 14

### (Party Not Bound by Witness)

No party is bound by the testimony of the witnesses called by that party.

Each party is entitled to contradict or rebut the testimony of any witness called by them.

After making your own judgment, you may give the testimony of each witness such weight, if any, as you may think it deserves.

## COURT'S INSTRUCTION NO. 15

### (Number of Witnesses)

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but, rather, which witness and which evidence appeals to your minds as being most accurate and otherwise trustworthy.

COURT'S INSTRUCTION NO. 16

(Testimony Regarding Medical Examinations Given to Other Individuals)

You have heard testimony regarding medical examinations given to other Baltimore County police officers.  The legality or illegality of those exams is of no concern to this case and should have no bearing on your verdict.

COURT'S INSTRUCTION NO. 17

(Wickless Memoranda)

You have heard testimony about memoranda written by Robert Wickless. While the memoranda provide legal analysis of the ADA, they were introduced solely on the issue of what information Chief Sheridan had available when requiring Detective Blake to submit to a medical examination. They were not introduced for their legal findings. Advice from either counsel or a human resources representative is not controlling as to whether a medical examination does or does not violate the ADA.

The views of counsel or human resources personnel does not control your verdict. The reasonableness of Baltimore County's decision is a matter for you the jury to decide.

## COURT'S INSTRUCTION NO. 18

### (Court Rulings)

At times throughout the trial, the Court has been called upon to pass on the admissibility of certain offered evidence. You should not be concerned with the Court's rulings or the reasons for them; whether evidence that has been offered is admissible or not is purely a question of law and a matter left to the Court.

In admitting evidence to which an objection has been made, the Court does not determine what weight should be given to such evidence.

You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objection.

COURT'S INSTRUCTION NO. 19

(Introduction to Substantive Claims)

The instructions which I have just given to you are more or less of a general nature applicable to all civil suits before this Court.

Now I am going to give you specific instructions on the claims and defenses relevant to this particular action.

## WHEN IS AN EXAMINATION PERMISSIBLE?

Permissible only if there is:

i.   Significant evidence that the employee has a medical condition that

ii.   Could cause

iii.   A reasonable employer

iv.   To inquire whether the employee is still capable of performing his job. By

v.   Ordering the suite of tests that were ordered.

OBJECTIVE TEST

WHAT IS A <u>REASONABLE EMPLOYER</u>?


WHAT STEPS SHOULD A JURY TAKE TO CREATE A REASONABLE

EMPLOYER?


1. Build a reasonable employer, in this case a reasonable police department.

2. Re-create the facts and circumstances that existed when Baltimore County ordered Detective Blake to take the medical examination.

3. Ask whether these facts and circumstances could cause a reasonable employer to inquire whether Detective Blake has a medical condition that would impair his ability to perform his job.

   BY

4. Ordering the suite (group) of tests that Baltimore County ordered.

## THE OPINIONS OF THE VARIOUS WITNESSES

A number of witnesses, including experts, have expressed their views about the propriety of the decision to order Detective Blake to submit to a medical examination, and the diagnostic value of the examination. Their views are admissible because they help re-create the facts and circumstances that existed at the time. Their views are also relevant to your effort to create (posit) a reasonable employer, in this case a reasonable police department. But, you are free to accept the views of any witness, in whole or in part. You are free to disagree with any or all of them.

SO, THERE ARE THREE TASKS FOR THE JURY:

1. DECIDE WHAT THE FACTS AND CIRCUMSTANCES WERE AT THE TIME THE EXAMINATION WAS ORDERED.

2. DECIDE HOW A REASONABLE EMPLOYER WOULD HAVE VIEWED THOSE FACTS AND CIRCUMSTANCES. IN OTHER WORDS, VIEW THE FACTS AND CIRCUMSTANCES THROUGH THE LENS OF A REASONBLE EMPLOYER. THE ACTUAL INTENT OF THE DECISION MAKER IS IRRELEVANT.

3. DECIDE WHETHER A REASONABLE EMPLOYER COULD HAVE ORDERED DETECTIVE BLAKE TO TAKE THE MEDICAL EXAMINATION.

COURT'S INSTRUCTION NO. 20

(Overview of Claims)

In this case, Detective Blake says that Baltimore County violated the Americans with Disabilities Act ("ADA").  In particular, Detective Blake alleges that Baltimore County conducted an unlawful medical inquiry and compelled him to submit to an unlawful medical examination.

Detective Blake does not need to prove a disability in order to prove this ADA claim, so you do not need to consider whether or not he has, or had, a disability.

COURT'S INSTRUCTION NO. 21

(Medical Inquiries and Examinations)

Under the ADA an employer can only require an employee to submit to a medical examination or respond to medical inquiries if the employer proves that the examination or inquiry is "job-related," and "consistent with business necessity."

In this case there is no dispute that defendant Baltimore County required Detective Blake to submit to a medical exam.  Therefore, Baltimore County bears the burden of proving that the medical examination it required of Detective Blake were (1) job-related; and (2) consistent with business necessity.

COURT'S INSTRUCTION NO. 22

(Job-Related and Consistent with Business Necessity, Defined)

Medical inquiries and examinations are "job-related and consistent with business necessity" if the employer "has a reasonable belief, based on objective evidence, that an employee's ability to perform essential job functions will be impaired by a medical condition."

COURT'S INSTRUCTION NO. 23

(Job Related and Consistent with Business Necessity – Continued)

For an employer's request for an exam to be upheld, there must be significant evidence that could cause a reasonable person to inquire as to whether Detective Blake was, in 2006, still capable of performing his job.

If an examination is permitted, any examination ordered by the employer must be restricted to discovering whether the employee can continue to fulfill the essential functions of the job.

## COURT'S INSTRUCTION NO. 24

(Where Permitted, Permissible Scope)

Assume that you, the jury, find that a medical inquiry or examination was justified in Detective Blake's case.  You must then consider whether the medical examination that Baltimore County ordered Detective Blake to take was of permissible scope.

Any medical inquiry must be no broader or more intrusive than necessary. It must be restricted to discovering whether the employee can continue to fulfill the essential functions of the job.

Defendant has the burden of proving that a medical examination is not overly broad.

COURT'S INSTRUCTION NO. 25

(A Further Explanation of Business Necessity)

The defendant must do more than demonstrate that a medical inquiry or examination is convenient or beneficial to its business. Instead, it must show that the asserted "business necessity" is vital to the business.

COURT'S INSTRUCTION NO. 26

(Variability)

What constitutes a business necessity will undoubtedly vary in different workplaces. In other words, running a police department entails different "business necessities" than running an accounting firm.

COURT'S INSTRUCTION NO. 27

(Damages Introduction)

I am now going to instruct you on damages. You, the jury, should keep in mind that simply because I am instructing you on the proper measure of damages for the claims in this action does not mean that damages should be awarded. The instructions concerning damages must not be considered as an indication of the Court's view as to which party is entitled to your verdict in this case. My instructions as to the measure of damages are given only for your guidance in the event that you should first have found in favor of the party in question.

If you find for the plaintiff and against the Defendant on the issue of liability, then you must go on to consider the question of damages. It will be your duty to determine what, if any, award will fairly compensate the plaintiff for the losses.

COURT'S INSTRUCTION NO. 28

(Compensatory Damages)

If you find for Detective Blake on his claim then you must determine an amount that is fair compensation for Detective Blake's damages. You may award compensatory damages only for injuries that Detective Blake proves were caused by Baltimore County's wrongful conduct.

The damages you award must be fair compensation – no more and no less. You may award damages for any pain, suffering or mental anguish that Detective Blake experienced as a consequence of Baltimore County's unlawful medical inquiry and examination.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Detective Blake prove the

35

amount of his losses with mathematical precision, but only with as much
definiteness and accuracy as circumstances permit.

## COURT'S INSTRUCTION NO. 28A

Litigation-induced emotional distress is not a compensable element of damages.

COURT'S INSTRUCTION NO. 29

(Nominal Damages)

If you find in favor of Detective Blake, but you find that his damages have no monetary value, then you may return a verdict for Detective Blake in the nominal amount of one dollar.

## COURT'S INSTRUCTION NO. 30

### (Duty to Deliberate)

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. In other words, your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration with your fellow jurors of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction, as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times, that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## COURT'S INSTRUCTION NO. 31

### (Communications with Court)

Upon retiring to the jury room, I suggest that you select a foreperson. A foreperson presides over your deliberations and will serve as your spokesperson here in Court.

You are about to go into the jury room and begin your deliberations. Any communication with the Court should be made in writing, signed by your foreperson, and given to one of the U.S. Marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person. In any event, do not tell me, or anyone else, how the jury stands until after a unanimous verdict is reached.

## COURT'S INSTRUCTION NO. 32

(Verdict Forms)

A form of general [special] verdict has been prepared for your convenience. You will take this form to the jury room and complete it there. You will have your foreperson fill in, date, and sign the verdict form. You will then return with the completed general [special] verdict to the courtroom.

I caution you that nothing said in these instructions, and nothing in the verdict form, is meant to suggest or convey, in any way or manner, any intimation as to what verdict *I* think you should find. What the verdict will be is your sole and exclusive duty and responsibility.

## COURT'S INSTRUCTION NO. 33

### (Reaching Verdict)

In conclusion, let me remind you once again that your verdict must be unanimous, reflecting the judgment of each and every one of you. You should approach the issues of this case in the manner in which you would approach any important matter that you have occasion to determine in the course of your everyday business. Consider them in the jury room deliberately and carefully, in the light of the instructions I have given you, and use the same common sense and the same intelligence that you would employ in determining any important matter that you have to decide in the course of your own affairs.