UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

May 11, 2010

MEMORANDUM TO COUNSEL RE:   Blake v. Baltimore County Maryland, et al.
Civ. No. L-07-50

Dear Counsel:

It is the Court's understanding that, at this stage of the case, there remain two outstanding issues to be addressed.

The first issue is Baltimore County's Motion for Judgment as a Matter of Law. Baltimore County moved for judgment as a matter of law at the close of Plaintiff's case in chief and renewed their motion at the close of all the evidence. Pursuant to Federal Rule of Civil Procedure 50(b), the Court deferred ruling on the motion until after the jury returned a verdict. Thus, at this time, Baltimore County's motion remains pending. Because the legal issues have already been comprehensively briefed and argued, the Court believes that further briefing/argument is unnecessary. If counsel disagree, the Court would be happy to set a briefing schedule. Failing such a request, the Court will issue a written ruling in due course.

The second issue is Detective Blake's retaliation claim. Detective Blake contends that he was required to undergo a fitness for duty examination in retaliation for testifying in favor of Officer Philip Crumbacker at Crumbacker's hearing before the Baltimore County Board of Appeals on August 31, 2006. Because compensatory damages may not be recovered for ADA retaliation claims, Detective Blake is seeking injunctive relief only. In the parties' May 5, 2010

Joint Status Report, Ms. Cahill stated that "Plaintiff seeks an injunction against all forms of medical inquiry and testing." The Court is disinclined to issue an injunction of such a broad scope because it would prohibit future medical examination of Detective Blake for any reason, including examinations that are job related and consistent with business necessity. The injunction must be tailored to the facts of the case, which would mean that the Court, given a finding of retaliation, would enjoin Baltimore County from further medical inquiry/examination of Detective Blake absent a change in his medical condition or advances in medical science.

Before trial, Baltimore County stated that an injunction was unnecessary because the County had forever abandoned its requirement that Detective Blake submit to an EEG. The County must now inform the Court whether that representation includes just an EEG or whether it extends to any medical examination or inquiry. Baltimore County should provide the Court with that information by **Monday, May 17**. If Baltimore County's representation extends to all medical examinations and inquiries, the Court must decide whether the controversy over the alleged retaliation is moot because the prospect of a future medical examination of Detective Blake no longer exists. At that time, the burden would rest upon Ms. Cahill to demonstrate that the time, effort, and expense of continued litigation would benefit Detective Blake in some meaningful way.

Despite the informal nature of this ruling, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

Benson Everett Legg